**In re: Ossie R. TRADER, Petitioner.**

No. 08–2910.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
July 31, 2008.

Opinion filed Aug. 13, 2008.

Ossie R. Trader, Atlanta, GA, pro se.

Before: SLOVITER, FISHER AND HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Ossie Robert Trader is a federal prisoner who petitions for a writ of mandamus pursuant to 28 U.S.C. § 1651 ordering the District Court, in light of the Supreme Court's decision in *Zedner v. United States,* 547 U.S. 489, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), to rule on his Motion to Dismiss for Violations of the Speedy Trial Act that he filed in 1995. Mandamus is a drastic remedy granted only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. *Id.* at 378–79.

Since his conviction, Trader has filed a number of motions pursuant to 28 U.S.C. § 2255 and Fed.R.Civ.P. 60 in the District Court seeking to reinstate his motion. After the District Court denied a recent motion for lack of jurisdiction on the grounds that it constituted a second or successive petition filed without authorization from this Court, he appealed. This Court denied Trader's request for a certificate of appealability.

This is Trader's third attempt to revive his Speedy Trial claim by way of a petition for a writ of mandamus. We denied his first petition on the grounds that his Motion to Dismiss had been terminated upon entry of his guilty plea and was no longer pending. *See* 161 Fed.Appx. 205 (3d Cir. 2006). And, we denied his second petition,

which is identical to the instant petition, in which he again argues that *Zedner* should be applied to retroactively invalidate the termination of his Motion to Dismiss. *See* 226 Fed.Appx. 100 (3d Cir.2007). After reviewing the instant petition, we see no reason to treat it any differently from its predecessors. To the extent that Trader seeks to challenge his conviction based on the Speedy Trial Act, he should file a § 2255 motion. *See* 28 U.S.C. §§ 2244 & 2255. In any event, the petition for a writ of mandamus is denied.